IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THE MUECKE COMPANY, INC., et al., | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. V-10-78 |
| CVS CAREMARK CORPORATION, et al., | § § § § | |
| Defendants. | § | |

**ORDER**

In the present case, Plaintiffs, six independent retail pharmacies, assert racketeering, trade secret misappropriation and state law claims based on Defendants' alleged wrongful disclosure and/or use of Plaintiffs' clients' personal information in Defendant CVS Caremark's retail pharmacy operations. Relevant to the present issue, on December 6, 2010, Defendants filed an opposed motion to compel arbitration (Doc. 20).

Pending before the court are fifteen motions for leave to file amicus curiae briefs in opposition to Defendants' Motion to Dismiss and to Compel Arbitration, as well as related motions to appear as counsel. Generally, the briefs argue that, regardless of the merits of the arbitration issue before the court, the underlying dispute presents important public policy issues and therefore should be litigated in an open court forum and not in arbitration. Some briefs also address the merits of the motion to compel arbitration. Defendants oppose the filing of the amicus briefs. The court

considers whether, in its discretion, it should allow such amici filings. See United States ex rel. Gudur v. Deloitte Consulting L.L.P., 512 F.Supp.2d 920, 927 (S.D. Tex. 2007)(citing Waste Mgmt. of Pa. v. City of York, 162 F.R.D. 34, 36-37 (M.D. Pa 1995)).

In Sierra Club v. Fed. Emergency Mgmt. Agency, No. H-07-608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007), the court looked to Federal Rule of Appellate Procedure 29 ("Rule 29") for guidance in its consideration of whether it was appropriate to allow an amicus curiae to participate. Rule 29 requires the potential amicus curiae participant to disclose its own interest in the proceeding, the reasons why an amicus brief would be desirable, and why the issues raised by it were relevant to the disposition of the case. See Fed. R. App. P. 29(b)(1) and (2). The court also stated that it would consider whether the entity seeking to file an amicus brief was an advocate for one of the parties to the suit. Id. at *2. After considering all of the factors, the court denied leave to file the amicus brief. The court found that the parties were sophisticated and ably represented by counsel, thus making it unclear what new perspective the amicus could provide and that it also appeared that the amicus sought to take a partisan role in factual disputes, a role inappropriate for an amicus. Id. at *3.

In the present case, all fifteen of the entities seeking to file amicus briefs offer legal arguments similar to the arguments made by Plaintiffs. In fact, after a review of the briefs, the

court notes that the amicus entities are potentially interested parties to the present litigation and their legal arguments add nothing to the court's consideration of the pending motion to compel arbitration.

Accordingly, the motions for leave to file amicus briefs filed by National Community Pharmacists Association (Doc. 56), Consumer Federation of America, U.S. Public Interest Research Group, and the National Legislative Association on Prescription Drug Prices (Doc. 57), Independent Pharmacy Cooperative (Doc. 61), Rx Plus Pharmacists, Inc. (Doc. 63), Louisiana Independent Pharmacies Association (Doc. 66), American Pharmacy Cooperative, Inc. (Doc. 69), PARD-An Association of Community Pharmacies (Doc. 71), California Pharmacists Association (Doc. 74), Carolina Pharmacies Unlimited Cooperative and Carolina Pharmacy Network (Doc. 78), Independent Pharmacy Alliance (Doc. 84), Pharmacy Providers of Oklahoma, Inc. (Doc. 86), Academy of Independent Pharmacists (Doc. 87), Northeast Pharmacy Service Corporation (Doc. 90), Georgia Pharmacy Association's Academy of Independent Pharmacy (Doc. 93) and Garden State Pharmacy Owners, Inc. (Doc. 114) are **DENIED**.

In light of the above ruling, the related motions to appear as counsel, Docs. 58, 59, 60, 62, 64, 65, 67, 68, 70, 72, 73, 76, 77, 80, 81, 82, 83, 88, 89, 92, 95, 96, 97, 98, 99, 100, 101, 115, and 116 are **DENIED**.

**SIGNED** this 15th day of July, 2011.

Nancy K. Johnson
United States Magistrate Judge