**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | |
|---|---|
| THE MUECKE COMPANY, INC., *et al.*, | ) Case No. 6:10-cv-78 |
| | ) |
| Plaintiffs, | ) Hon. Gregg Costa |
| | ) |
| vs. | ) Magistrate Judge |
| | ) Nancy K. Johnson |
| CVS CAREMARK CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO RECONSIDER THIS COURT'S EARLIER RULING ON DEFENDANTS' ABILITY TO COMPEL ARBITRATION BASED ON EQUITABLE ESTOPPEL (DKT. NOS. 176-1 AND 182)**

CROUCH & RAMEY, L.L.P.
Timothy E. Taylor
2001 Ross Avenue
Suite 4400
Dallas, TX 75201
(214) 922-7145 (telephone)
(214) 922-7101 (facsimile)
Email: ttaylor@crouchfirm.com
Texas Bar No.: 19723895
So. Dist. Tex. Bar No.: 612845

FOLEY & LARDNER LLP
Robert H. Griffith,
  Attorney-In-Charge
321 N. Clark St.
Suite 2800
Chicago, IL 60654
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)
Email: rgriffith@foley.com

FOLEY & LARDNER LLP
Michael D. Leffel
Verex Plaza
150 East Gilman Street
Madison, WI 53703
(608) 257-5035 (telephone)
(608) 258-4258 (facsimile)
Email: mleffel@foley.com

*Attorneys For Defendants*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

BACKGROUND .......................................................................................................2

ARGUMENT .............................................................................................................5

    I.    A MOTION FOR RECONSIDERATION OF AN INTERLOCUTORY ORDER IS JUSTIFIED WHEN THERE HAS BEEN AN INTERVENING CHANGE IN THE LAW. .............5

    II.    THE *CRAWFORD* DECISION IS AN INTERVENING CHANGE IN THE LAW THAT REQUIRES RECONSIDERATION. ........................................................................6

CONCLUSION ........................................................................................................12

CERTIFICATE OF CONFERENCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Block Corp. v. Nunez*,
  No. 1:08-CV-53, 2008 WL 1884012 (N.D. Miss. Apr. 25, 2008) ........................8

*Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*,
  863 F. Supp. 2d 632 (S.D. Tex. 2012)................................................................5

*Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*,
  No. 2:12-cv-0114 at 40 .......................................................................................9

*Crawford Professional Drugs, Incorporated, et al. v. CVS Caremark
  Corporation, et al.*, No. 12-60922 (5th Cir. April 4, 2014).........................*passim*

*FDIC v. Abraham*,
  137 F.3d 264 (5th Cir. 1998) ..........................................................................9, 10

*Gen. Universal Sys. v. HAL Inc.*,
  500 F.3d 444 (5th Cir. 2007) ...............................................................................8

*Goldman v. KPMG LLP*,
  92 Cal. Rptr. 3d 534 (Ct. App. 2009) ...............................................................7, 9

*Houston Prof'l Towing Ass'n v. City of Houston*,
  No. 4:12-CV-56, 2013 U.S. Dist. LEXIS 121132
  (S.D. Tex. Mar. 30, 2013).................................................................................11

*Messenger v. Anderson*,
  225 U.S. 436 (1912)............................................................................................6

*Miller v. Hehlen*,
  104 P.3d 193 (Ariz. Ct. App. 2005).....................................................................8

*The Muecke Co., Inc. v. CVS Caremark Corp.*,
  2013 U.S. App. LEXIS 2852 (5th Cir. Feb. 11, 2013).................................4, 10

*Nicholas v. KBR, Inc.*,
  565 F.3d 904 (5th Cir. 2009) ...............................................................................5

*Omran v. Gonzales*,
   208 Fed. Appx. 346 (5th Cir. 2006) ................................................................... 11

*Petro-Hunt, L.L.C. v. United States*,
   365 F.3d 385 (5th Cir. 2004) ............................................................................. 11

*Texas v. Wellington Resources Corp.*,
   706 F.2d 533 (5th Cir. 1983) ............................................................................. 10

*United States v. Matthews*,
   312 F.3d 652 (5th Cir. 2002) ............................................................................... 6

*Watts v. XL Sys., L.P.*,
   No. 1:06-CV-653-LY, 2008 U.S. Dist. LEXIS 108128
   (W.D. Tex. July 2, 2008) ................................................................................... 11

**Statutes**

Arizona's Uniform Trade Secrets Act, A.R.S. § 44-401 *et seq* ................................ 8

Mississippi's Uniform Trade Secrets Act, Section 75-26-1 *et seq* ........................... 8

**Other Authorities**

5th Cir. R. 47.5 ........................................................................................................ 10

5th Cir. R. 47.5.4 ..................................................................................................... 10

Fed. R. Civ. P. 59(e) .................................................................................................. 5

Defendants CVS Caremark Corporation, CVS Pharmacy, Inc., and Caremark Rx, L.L.C. (collectively, the "Defendants"), through their counsel, and in light of the Fifth Circuit's recent published decision in *Crawford Professional Drugs, Incorporated, et al. v. CVS Caremark Corporation, et al.*, No. 12-60922 (5th Cir. April 4, 2014) (attached hereto as Exhibit A), submit this Motion to Reconsider This Court's Earlier Ruling On Defendants' Ability To Compel Arbitration Based On Equitable Estoppel (Dkt. Nos. 176-1 and 182).  In support of their Motion, Defendants state as follows:

## INTRODUCTION

The Fifth Circuit's unanimous published April 4, 2014 decision in *Crawford Professional Drugs, Incorporated, et al. v. CVS Caremark Corporation, et al.*, No. 12-60922 (5th Cir. April 4, 2014), is an intervening change in the law that compels reconsideration of this Court's earlier ruling with respect to the application of equitable estoppel to compel arbitration.  The *Crawford* decision holds that a trade secret claim pursued by pharmacy plaintiffs (a claim identical to that pursued by Plaintiffs in this case) is "inextricably bound up with" the pharmacies' Provider Agreements with Caremark, L.L.C. ("Caremark") and holds that the same Defendants as in this case, who are not signatories to the Provider Agreement, are entitled to compel arbitration based on equitable estoppel.  *Crawford*, slip op. at 12-13.

The law in the Fifth Circuit is that reconsideration is warranted when there has been an intervening change in the law or facts that would require a different result—even if the earlier interlocutory decision was affirmed on appeal. *See infra* Part I. Defendants are aware of the Court's interest in a timely resolution of this matter, and Defendants respectfully, and promptly, submit this Motion for Reconsideration because the new published *Crawford* decision has clarified the law relevant to Defendants' ability to compel arbitration. The granting of the Motion would render moot all other pending motions in this matter.

Indeed, this Court has stated that if Plaintiffs are unable to pursue their claims without relying on the terms of their respective Provider Agreements, then "the court will not hesitate to stay this action and compel arbitration." Dkt. 207 at 11. The Fifth Circuit has now definitively answered that question, holding that the pharmacy plaintiffs must rely on the terms of the Provider Agreement in order to prevail on their trade secret misappropriation claim and concluding that the "test for arbitration by estoppel . . . is satisfied" by the very same allegations and trade secret misappropriation theory that Plaintiffs assert here. *Crawford*, slip op. at 13-14.

## BACKGROUND

*Crawford* is a unanimous and binding published decision addressing an identical trade secret claim brought by pharmacy plaintiffs against the remaining

2

Defendants in this case, as well as Caremark, L.L.C. The complaint in that case is a cookie-cutter version of the Complaint in this case; indeed, it uses language that is lifted verbatim from the Complaint in this case. As in this case, the *Crawford* plaintiffs allege that their purported "trade secret patient lists and integrated patient information" was "disclosed to the CVS Caremark PBM operation (CVS Caremark Corporation through Caremark Rx, LLC, Caremark LLC and related subsidiaries and affiliates involved in the PBM operation of CVS Caremark) in confidence and solely for the purpose of adjudicating the prescription claims of the Plaintiffs' patients." *Compare* Compl. ¶¶ 126-127 *with* Crawford Plaintiffs' Second Amended Compl. ("Crawford Compl.") ¶¶ 114-15 (identical language). (A copy of the Crawford Complaint is attached hereto as Exhibit B.) Both the Plaintiffs here and in *Crawford* then allege that "Defendants use(d) and disclose(d) the trade secret information without Plaintiffs' authorization. The Defendants have misappropriated and continue to misappropriate for their own use and benefit, the confidential patient information supplied to them by the Plaintiffs through the claims adjudication process." *Compare* Compl. ¶ 127 *with* Crawford Compl. ¶ 115. Plaintiffs in both cases also argue that this information is protected by the Health Insurance Portability and Accountability Act ("HIPAA"). *Compare* Compl. ¶¶ 38-51 *with* Crawford Compl. ¶¶ 52-67.

As in this case, the plaintiffs in *Crawford* argued that they were not relying

on, and did not need to rely on the terms of the Provider Agreement to pursue their trade secret misappropriation claims. *Compare* Dkt. 157 at 47-52; Dkt. 206 at 8-12; Dkt. 222 at 11-13 *with* Brief for the Appellants, No. 12-60922, at 25-27 (Mar. 4, 2013).

This Court has questioned whether Plaintiffs will be able to pursue their claims against the Defendants without relying on the terms of the Provider Agreement. Dkt. 207 at 11. However, while this Court's earlier ruling on equitable estoppel held that "but for" the Provider Agreements, "Plaintiffs likely would not be in the present situation," it noted that according to Plaintiffs, "the resolution of their claims do not depend on the interpretation or application of any provision of the provider agreements." Dkt. 176 at 57-58. In an unpublished, per curiam decision, the Fifth Circuit affirmed, holding simply that "the district court did not abuse its discretion in denying the motion to compel arbitration as to the claims against Appellants." *The Muecke Co., Inc. v. CVS Caremark Corp.,* 2013 U.S. App. LEXIS 2852, at *2 (5th Cir. Feb. 11, 2013). For the reasons explained below, the Fifth Circuit's new published decision overrides any earlier rulings in this case and establishes the law in this Circuit.

# ARGUMENT

## I. A MOTION FOR RECONSIDERATION OF AN INTERLOCUTORY ORDER IS JUSTIFIED WHEN THERE HAS BEEN AN INTERVENING CHANGE IN THE LAW.

The general standard in the Southern District of Texas for reconsidering interlocutory orders is to apply the test under Federal Rule of Civil Procedure 59(e) (even though by its terms it does not apply to reconsideration of interlocutory orders). Reconsideration is proper under Rule 59(e) when, among other things, there has been an intervening change in the law or clear error.

For example, in *Estate of Brown v. Cypress Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632 (S.D. Tex. 2012), the court heard a motion for reconsideration of its decision denying a motion to dismiss. Based upon a Fifth Circuit decision that postdated the district court's original interlocutory ruling, the court held that there was an intervening change in law that made clear that the motion to dismiss should have been granted, and the motion for reconsideration had to be granted. *Id.* at 636.

A motion to reconsider in this case is not barred by the law of the case doctrine. As this Court recognized in its earlier statements indicating that it would not hesitate to revisit the arbitration ruling if circumstances changed, this Court has the discretion to revisit its earlier interlocutory arbitration ruling. *See, e.g., Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (noting that ruling on

motion to compel arbitration is interlocutory).

Even if it were applicable, there is an exception to the law of the case doctrine when there has been a change in the facts or the law. As the Fifth Circuit has explained, the "law of the case is not a jurisdictional rule, but a discretionary practice. The doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.'" *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). The Court went on to explain that "[l]aw of the case therefore is not inviolate. The doctrine has three exceptions: (1) The evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id.* (internal quotation marks and citations omitted). These same exceptions are also applicable to "the so-called mandate rule, which is but a specific application of the general doctrine of law of the case." *Id.*

## II. THE *CRAWFORD* DECISION IS AN INTERVENING CHANGE IN THE LAW THAT REQUIRES RECONSIDERATION.

As noted above, the trade secret claim in *Crawford* is identical to the trade secret claim in this case and is based on verbatim allegations. *See, e.g.*, Compl. ¶¶ 126-127 *and* Crawford Compl. ¶¶ 114-15 (identical language regarding trade secret claims). The operative language in the Provider Agreement relating to

6

arbitration and the ownership control of the data in question is also identical. *See Crawford*, slip op. at 12-13 (noting that the Provider Manual directs that the information in question "is the property of Caremark" and that "Caremark has the right to use, reproduce, and adapt any information or data obtained from Provider in any manner deemed appropriate, even if such use is outside the scope of the Provider Agreement, provided such use is in accordance with applicable Law") *and* Declaration of Daniel Pagnillo, Dkt. 139, at Ex. S at 40 (same); Ex. Q at 35 (same); *id.* at Ex. S at 11, 12, and 32.[1]

In *Crawford*, the Fifth Circuit held that, with respect to the Plaintiffs' claims against the Defendants, "[e]quitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting [its] claims against the nonsignatory." *Crawford*, slip op. at 12 (quoting *Goldman v. KPMG LLP*, 92 Cal. Rptr. 3d 534, 542 (Ct. App. 2009) (other internal citations and internal quotation marks omitted)).

The Plaintiffs in *Crawford* made the exact same arguments to the Fifth Circuit that the Plaintiffs have raised here—claiming that they are not relying on the terms of the Provider Agreement and that they can pursue their trade secret

---

[1] The Provider Manual at issue in Crawford was the 2011 version of the Caremark Provider Manual, but the relevant arbitration language and provisions relating to the data in question is the same as the 2009 Caremark Provider Manual attached to Mr. Pagnillo's declaration in this case.

7

claim based on some other theory, such as based on an alleged HIPAA violation. Dkt. 157 at 47-52; Dkt. 206 at 8-12; Dkt. 222 at 11-13 *with* Brief for the Appellants, No. 12-60922, at 25-27 (Mar. 4, 2013).[2]

When this Court earlier addressed the ability of the Nonsignatory Defendants to use equitable estoppel to compel arbitration, it stated that

> [t]he resolution of [Plaintiffs'] claims do not depend on the interpretation or application of any provision of the provider agreement. Absent the existence of the provider agreements, Plaintiffs, based on their allegations, still would be able to assert plausible claims that Defendants formed an enterprise with a common goal of disclosing confidential patient information for its own marketing objectives and that Defendants misappropriated trade secrets in the process of doing so. The only relevance of the provider agreements to these claims is to explain how Defendants obtained the information in the first place.

Dkt. 176 at 58.

---

[2] While the plaintiffs in *Crawford* were pursuing a claim under Mississippi's Uniform Trade Secrets Act, Section 75-26-1 *et seq.*, the material elements of such a claim are identical under Mississippi, Texas, and Arizona law. *See Crawford*, slip op. at 13 (applying Mississippi law and holding that proving trade secret misappropriation requires showing that the trade secret was acquired "through a breach of a confidential relationship or discovered by improper means" (quoting *Block Corp. v. Nunez*, No. 1:08-CV-53, 2008 WL 1884012, at *5 (N.D. Miss. Apr. 25, 2008)); *Gen. Universal Sys. v. HAL Inc.,* 500 F.3d 444, 449 (5th Cir. 2007) (applying Texas law and holding that to prevail on their trade secret claim, Plaintiffs must establish three elements: "'(1) a trade secret exists; (2) Defendants acquired the trade secret by *breach of a confidential relationship* or *other improper means*; and (3) Defendants used the trade secret *without authorization*'" (emphasis added and quoting citation omitted)); *Miller v. Hehlen*, 104 P.3d 193, 201 (Ariz. Ct. App. 2005) (noting Arizona's Uniform Trade Secrets Act similarly requires proof of acquisition of information by improper means).

That holding is directly at odds with *Crawford*, which (as this Court did) applied an *Erie* analysis as to how Arizona's highest court would address the issue. *Crawford*, slip op. at 13.[3] The District Court in *Crawford* had applied equitable estoppel and compelled arbitration based solely on the concerted misconduct prong of the estoppel test.[4] *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, No. 2:12-cv-0114 at 40 (Order dated Oct. 24, 2012) (Dkt. 29). The Fifth Circuit affirmed on different grounds supported by the record, holding that the test for "arbitration by estoppel . . . is satisfied because the Plaintiffs' 'claims against the nonsignatory [Defendants] are founded in and inextricably bound up with the obligations imposed by the agreement containing the arbitration clause.'" *Crawford*, slip op. at 13 (quoting *Goldman*, 92 Cal. Rptr. 3d at 541). That was so with respect to the plaintiffs' trade secret claim because, as in this case, the Provider Agreement specifically addresses the use and ownership of the purported trade secret information and "[i]n their complaint, the Plaintiffs allege that they voluntarily provided the relevant information to the Defendants and so, to prevail,

---

[3] The Fifth Circuit is a self-described "strict *stare decisis* court" and a published panel opinion on an *Erie* prediction is binding precedent on other panels and lower courts within the Fifth Circuit. *FDIC v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998).

[4] This Court held that "[t]he allegation that Defendants worked in collusion is not a relevant factor." *Id.* at 58 n. 150. The Fifth Circuit in *Crawford* held to the contrary, stating that, while such allegations are not sufficient alone, such allegations "strengthens our conclusion that the Defendants may compel the Plaintiffs to arbitrate their claims." *Crawford*, slip op. at 14 n.8.

9

they must demonstrate that the Defendants exceeded the scope of their permitted use of this information." *Crawford*, slip op. at 13; *see also id.* at 14 (discussing Provider Agreement's terms regarding data in question).

A published decision of the Fifth Circuit is binding precedent on every court in the jurisdiction, including other panels of the Fifth Circuit. *FDIC v. Abraham*, 137 F.3d 264, 268 (5th Cir. 1998). In contrast, as the Fifth Circuit panel's unpublished opinion in *Muecke* notes: "Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and *is not precedent* except under the limited circumstances set forth in 5th Cir. R. 47.5.4." *The Muecke Co., Inc.*, 2013 U.S. App. LEXIS 2842, *1-*2 (emphasis added).

Fifth Circuit Rule 47.5.4 provides that: "Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." As noted above, law of the case is only applicable to final judgments, which is true for res judicata and collateral estoppel as well, and the new binding Fifth Circuit decision in *Crawford* would be an exception to these doctrines in any event.[5]

---

[5] "Res judicata as to future claims or collateral estoppel as to particular factual issues may not be invoked unless a final judgment based on adjudication of facts has occurred." *Texas v. Wellington Resources Corp.*, 706 F.2d 533, 536-37 (5th Cir. 1983). Changes in controlling law also preclude application of res judicata or

The decision in *Crawford*, therefore, must be followed by this Court. Its conclusion cannot be reconciled with this Court's earlier ruling. The Fifth Circuit has held that identically situated plaintiffs cannot pursue an identical trade secret misappropriation claim, based on identical facts, without relying on the terms of their Provider Agreements with Caremark. *See Crawford*, slip op. at 14-15 ("Plaintiffs' 'claims against the non-signatory [Defendants] are founded in and inextricably bound up with the obligations imposed by the agreement containing the arbitration clause.' . . . Accordingly, . . . we believe that Arizona law, as informed by apposite and well-reasoned California law, would permit the non-signatory Defendants to compel the signatory Plaintiffs to arbitrate their claims.") (citations omitted).

This Court indicated that it would compel arbitration if it was determined that Plaintiffs must rely on and interpret the terms of their Provider Agreement in order to pursue their claim. The *Crawford* court has now conclusively made that

---

collateral estoppel. *See, e.g.*, *Omran v. Gonzales*, 208 Fed. Appx. 346, 348 (5th Cir. 2006) (res judicata did not bar successive removal proceeding where "controlling law changed before this proceeding"); *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 398-99 (5th Cir. 2004) (collateral estoppel held inapplicable, in part because of "change in controlling legal principles"); *Houston Prof'l Towing Ass'n v. City of Houston*, No. 4:12-CV-56, 2013 U.S. Dist. LEXIS 121132, at *15-16 (S.D. Tex. Mar. 30, 2013) (change in law provided a new factual basis for the claim being brought and thus res judicata did not apply); *Watts v. XL Sys., L.P.*, No. 1:06-CV-653-LY, 2008 U.S. Dist. LEXIS 108128, *36-37 (W.D. Tex. July 2, 2008) (intervening change in case law rendered earlier decision inapplicable for collateral estoppel).

determination. Therefore, this Court should reconsider its earlier ruling and compel arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should grant the Motion to Reconsider and enter an order compelling Plaintiffs to arbitrate their claims against the Defendants, and further submit that the Plaintiffs be directed to either commence arbitration within thirty days or be directed to dismiss their claims against all Defendants.

Dated:  April 9, 2014                                             Respectfully submitted,

/s/ Michael D. Leffel

**CROUCH & RAMEY, L.L.P.**
Timothy E. Taylor
2001 Ross Avenue
Suite 4400
Dallas, TX  75201
(214) 922-7145 (telephone)
(214) 922-7101 (facsimile)
Email:  ttaylor@crouchfirm.com
Texas Bar No.: 19723895
So. Dist. Tex. Bar No.: 612845

**FOLEY & LARDNER LLP**
Robert H. Griffith,
 Attorney-In-Charge
321 N. Clark St.
Suite 2800
Chicago, IL  60654
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)
Email:  rgriffith@foley.com

**FOLEY & LARDNER LLP**
Michael D. Leffel
Verex Plaza
150 East Gilman Street.
Madison, WI 53703
(608) 257-5035 (telephone)
(608) 258-4258 (facsimile)
Email:  mleffel@foley.com

*Attorneys for Defendants*

## **CERTIFICATE OF CONFERENCE**

On April 8, 2014, counsel for Defendants conferred with Plaintiffs' counsel regarding this Motion. Plaintiffs' counsel does not consent to the relief sought in this Motion.

## **CERTIFICATE OF SERVICE**

I, Michael D. Leffel, hereby certify that on April 9, 2014, I electronically filed the foregoing Motion to Reconsider This Court's Earlier Ruling On Defendants' Ability To Compel Arbitration Based On Equitable Estoppel (Dkt. Nos. 176-1 and 182) with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on the following counsel of record via ECF filing.

By: /s/ Michael D. Leffel
Michael D. Leffel
**FOLEY & LARDNER LLP**
Michael D. Leffel
Verex Plaza
150 East Gilman Street.
Madison, WI 53703
(608) 257-5035 (telephone)
(608) 258-4258 (facsimile)
Email: mleffel@foley.com